UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA RENE KAY, § | | |
| TDCJ #00707717, § | | |
| § | | |
| Plaintiff, § | | |
| VS. § | | CIVIL ACTION NO. 4:20-02617 |
| § | | |
| LORIE DAVIS, § | | |
| § | | |
| Defendant. § | | |

## ORDER OF DISMISSAL

Plaintiff Lisa Rene Kay, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* in this civil rights action. Kay has not paid the filing fee. Her complaint alleges wrongdoing by Susan Perrett, who apparently was one of Kay's appointed attorneys for her direct appeal from her criminal conviction, and brings other allegations of constitutional violations during her criminal and post-conviction proceedings[1]. Having reviewed the pleadings and the plaintiff's litigation history, the Court **dismisses** this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of her civil actions or appeals were dismissed

---

[1] In 1995, Kay was sentenced to a 50 years in TDCJ based on a murder conviction in Harris County, Case. No. 9415565. *See* Offender Information, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited July 28, 2020).

as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless she is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), she may not proceed without prepayment of the filing fee unless she fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate," and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Kay v. Bennett*, 176 F. App'x 556 (5th Cir. 2006); *Kay v. Perret,* 73 F. App'x 79 (5th Cir. 2003). She therefore may not proceed *in forma pauperis* absent a showing of imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

Kay's complaint recounts past events and does not allege imminent physical danger. Because she is not otherwise eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by Section 1915(g).

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, this 28th day of July, 2020.

                                                                           _____
                                                                           GEORGE C. HANKS, JR.
                                                                           UNITED STATES DISTRICT JUDGE